Michael C. **ANTONELLI**, Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGA-TION, et al., Defendants.**

**No. 79 C 1432.**

United States District Court, N. D. Illinois, E. D.

April 6, 1982.

Michael C. Antonelli, pro se.

Dan K. Webb, U. S. Atty., James P. White, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MARSHALL, District Judge.

In this thirty-seven count complaint plaintiff Michael C. Antonelli seeks infor-mation from the Federal Bureau of Investi-gation ("FBI") concerning himself and sev-eral third parties under the Freedom of Information Act, 5 U.S.C. § 552 (1976) ("FOIA").[1] Defendants have moved for summary judgment on twenty of the counts. The summary judgment motion can be dealt with most effectively by break-ing it down into six subparts: on seven counts defendants refuse to confirm or deny the existence of any files concerning the subjects of the inquiries, relying on the privacy interests of the third parties;[2] on four counts defendants allege that a search of the central files of the FBI failed to reveal any request for the information by the plaintiff and therefore no further search was conducted[3]; on one count de-fendants admit receiving plaintiff's request and the written consent of the subject of the inquiry but allege that there are "doubts about the authenticity" of the con-sent and that it has now been revoked and accordingly, refuse any production[4]; on one count defendants allege that a search was conducted and no files were found under the name submitted by the plaintiff[5]; and on another count defendants allege that they are unable to conduct a search because the request by the plaintiff does not corre-spond to any classification index used by the FBI.[6] Defendants have produced a sub-stantial amount of material pursuant to all or part of five of plaintiff's requests, but plaintiff challenges the sufficiency of the production and the exemptions relied on by the FBI in deleting portions of the docu-

1. Complaint No. 79 C 1432 was originally brought solely to challenge defendants' refusal to produce documents relating to plaintiff, Mi-chael C. Antonelli. Subsequently plaintiff insti-tuted thirty-six separate lawsuits against the same defendants challenging their refusal to release other documents. The cases were later consolidated into the earliest numbered case, forming the thirty-seven count complaint now before the court.

2. Counts 2 (Peter Gushi); 3 (Raymond Theo-dore); 7 (Cologna Joseph Ravana); 8 (William Anthony Marzano); 19 (James Dvornick); 30

(Roger Markely); 31 (Roy Robert Bridges); 33 (John Rocco Cartaline).

3. Counts 15 (Bernard Brody); 25 (Robert Faust); 26 (John Haberkorn); 28 (James Lewis Kaplan).

4. Count 7 (Joseph Ravana).

5. The portion of count 36 relating to Ray Mil-ler.

6. Count 13 (requesting information on "74 CR 806").

ments.[7] Finally, defendants have offered to produce the requested material for two counts of the complaint if plaintiff tenders the 10¢ per page copying fee, or plaintiff's representatives can examine the material free of charge in the FOIA reading room at the FBI headquarters in Washington, D. C.[8] Plaintiff has responded with a cross motion for summary judgment asserting that defendants' response to the complaint is generally inadequate.

The purpose and function of the FOIA are, by now, well known in this circuit and the court sees no need to review them in detail here. *See Stein v. Department of Justice and Federal Bureau of Investigation,* 662 F.2d 1245 (7th Cir. 1981); *Miller v. Bell,* 661 F.2d 623 (7th Cir. 1981); *Terkel v. Kelly,* 599 F.2d 214 (7th Cir. 1979), *cert. denied,* 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642 (1980); *Scherer v. Kelley,* 584 F.2d 170 (7th Cir. 1978), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979); *Maroscia v. Levi,* 569 F.2d 1000 (7th Cir. 1977). *See also Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

The Act requires that an initial request to the agency for the release of information be acted upon in ten days and that any denial of release may be administratively appealed and the appeal decided within twenty days. 5 U.S.C. § 552(a)(6)(A)(i) and (ii). *See generally Stein,* 662 F.2d at 1252. In order to withhold information requested the agency must rely on the specific exemptions set out in § 552(b) of the Act. The agency has the burden of sustaining its claim of exemption and the exemptions are to be narrowly construed in order to further the policy of disclosure which is at the heart of the statute. *Department of Air Force v. Rose,* 425 U.S. 352, 360–70, 96 S.Ct. 1592, 1598–03, 48 L.Ed.2d 11 (1976); *Vaughn v. Rosen,* 484 F.2d at 823; *Soucie v. David,* 448 F.2d 1067, 1080 (D.C.Cir.1971). This burden can be met if the agency submits affidavits that

(1) describe the withheld documents and the justifications for non-disclosure with reasonably specific detail, (2) demonstrate that the information withheld falls logically within the claimed exemption, and (3) are not controverted by either contrary evidence in the record or by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724 (1981); *Lesar v. Dep't. of Justice,* 636 F.2d 472 (D.C.Cir.1980); *Hayden v. National Security Agency/Central Security Serv.,* 608 F.2d 1381 (D.C.Cir.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980); *Terkel v. Kelly,* 599 F.2d 214. *Stein v. Dep't. of Justice and FBI,* 662 F.2d at 1253.

In conducting its *de novo* review the district court has discretion to conduct an *in camera* review of the documents if the public record does not provide a sufficient basis for analyzing the claimed exemption. 5 U.S.C. § 552(a)(4)(B). *See Stein,* 662 F.2d at 1253. In certain limited situations involving sensitive issues of national security the affidavits themselves may be filed *in camera, see Phillipi v. Central Intelligence Agency,* 546 F.2d 1009, 1011–13 (D.C.Cir.1976); *Hayden v. National Security Agency/Central Security Service,* 608 F.2d at 1384–86, but the general rule is that the affidavits must be filed publicly and the opposing party given the opportunity to criticize and contest the claimed exemptions. *Id.*

While the contours of the specific exemptions in § 552(b) are still being shaped and application of the exemptions to particular facts is often hotly contested, the procedures used as outlined above are well settled. In light of those procedures we find defendants' response to counts 2, 3, 8, 19, 30, 31 and 33 incredible. Defendants have not only refused to turn over any documents to the plaintiff pursuant to these counts, they have refused to confirm or deny the existence of any of the requested

---

**7.** Counts 6 (James Catuara); 10 (William Joseph Lynch); 17 (Pasquale Charles Marzano); 36 (Janet Lynn Kraas).

**8.** Counts 11 (Richard J. Daley) and 13 (Patricia Hearst).

files and have provided the court and the plaintiff absolutely no information on which to base a judgment of whether the requested material is exempt from the FOIA. While they have cited no case authority in support of their position, defendants rely principally on the Privacy Act, 5 U.S.C. § 552a (1976) for the proposition that absent written authorization from the subject of the inquiry they are prohibited from even acknowledging whether the requested files exist. Additionally, defendants cite § 552(b)(7)(C) and (D) in defense of the "FBI's [ ] action in refusing to confirm or deny the existence of records concerning third parties in the absence of their notarized authorizations." Defendants' Reply on Motion for Summary Judgment at 2. Defendants appear to treat these two arguments interchangeably, but we believe they are distinct and we address each separately.

■ The Privacy Act was passed in 1974 in part to promote greater respect for the privacy of citizens by government and prohibit unnecessary and excessive exchange of personal information within the government and to outside individuals. *See* S.Rep. 93–1183, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News 6916; *see also Florida Medical Ass'n v. Department of Health, Education & Welfare* (HEW), 479 F.Supp. 1291, 1305–07 (M.D. Fla.1979); *Local 2047, American Federation of Government Employees v. Defense General Supply Center*, 423 F.Supp. 481, 483–86 n. 9–10 (E.D.Va.1976).

The FBI's position on the impact of the Privacy Act is set out in the detailed affidavit of agent Donald Smith. (Hereinafter "Smith Aff."). In essence the Bureau is of the opinion that the Privacy Act overrides the FOIA and prohibits the disclosure of any "personal" information about a third party without their notarized authorization. Smith Aff. ¶ 68. Moreover, "[t]he FBI has further advised [plaintiff] that to confirm or deny investigative interest in the individual identified by plaintiff would, of itself, reveal personal information concerning a third party." *Id.*

■ The defendants' position was expressly rejected by Congress in drafting the Privacy Act and, so far as we have been able to discover,* every court that has considered it. The Act itself states:

> (b) Conditions of disclosure.—No agency shall disclose any record which is contained in a system of records by any means of communication to any person or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, *unless the disclosure of the record would be—*

> \* \* \* \* \* \*

> (2) *required under section 552 of this title*; 5 U.S.C. § 552a(b)(2) (1976) (emphasis supplied).

Thus, the Privacy Act was not intended to override the FOIA and in operation only prohibits the release of information not covered by the FOIA or the discretionary release of material which, while exempt from the FOIA, the agency might have previously chosen to release. *See Providence Journal Cov. F.B.I.*, 460 F.Supp. 762, 767 (D.R.I. 1978). If a request is made of an agency under the FOIA, disclosure is mandatory unless one of the enumerated exemptions applies. *See Florida Medical Association v. HEW*, 470 F.Supp. at 1306 ("Thus, since the Privacy Act expressly defers to the mandatory disclosure provisions of the FOIA, . . . ., information which is not exempt under Exemption 6 from disclosure would receive no Privacy Act protection."). *See also Brown v. FBI*, No. 79 CV 767, slip op. at 10 (N.D.N.Y.1981) ("In considering the federal Privacy Act disclosure exemptions alone, it is apparent that plaintiff is barred under it from obtaining the records requested *unless disclosure is required under the FOIA. . . .* Since disclosure may be warranted under the FOIA, as provided for in 5 U.S.C. § 552, the Court must examine the FOIA exemptions to determine whether the[y] are applicable here.") (emphasis supplied), *aff'd*, 658 F.2d 71, 76 (2d Cir. 1981) ("[T]he decision to

---

\* Plaintiff's pro se submissions are of scant help

in the research which attends this decision.

disclose or withhold the requested information depends entirely on the interpretation and applications of the claimed [FOIA] exemptions."); *Providence Journal Co. v. F.B.I.*, 460 F.Supp. 762, 767 (D.R.I.1978) ("Thus an agency which is required to disclose material under FOIA (that is material not covered by a FOIA exemption) can release it without bringing into play the requirement of § 552a(b) that permission first be obtained."). The position of the defendants in this litigation that they are prohibited by the Privacy Act from even searching for files under the names submitted by plaintiff absent prior written authorization is clearly erroneous. The only way defendants can resist plaintiff's FOIA requests is to rely on one of the enumerated exemptions in the Act and meet their burden of establishing that the exemption applies to those records. Defendants have failed to meet their burden in this case.[9]

In their brief and the affidavit of agent Smith defendants rely on the exemptions provided by § 552(b)(6), (7)(C) and (7)(D). Those provisions permit the agency to withhold "personnel and medical files and similar files" and/or "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records" constitutes a "clearly unwarranted invasion of personal privacy" or would disclose the identity of a confidential source.[10] Smith Aff. ¶¶ 71, 74–79. Defendants do not, however, apply the exemptions to particular files because, as we indicated earlier, they have refused to search for the files requested without prior written authorization from the third party. Instead, defendants argue in the hypothetical;

*If* investigative files concerning these individuals are to be found within FBI systems of records, they would be compiled during the course of specific FBI investigations conducted pursuant to various federal statutes.... As such, they would constitute "investigatory records compiled for law enforcement purposes" within the meaning of the (b)(7) exemption of the FOIA.... Should it be determined that documents concerning certain individuals exist in personnel or medical files or files of a similar nature being maintained by the FBI, such documents would be withholdable pursuant to the (b)(6) exemption of the FOIA. Smith Aff. ¶ 71 (emphasis supplied).

In defense of that position agent Smith asserts

The inference drawn from the fact that an individual was the subject of an FBI investigation is the FBI's belief that the individual was engaged in some conduct which is in violation of some criminal or civil statute, rule or regulation or that

9. *See Stein*, 662 F.2d at 1253; 5 U.S.C. § 552(a)(4)(B).

Plaintiff's response to the position taken by the defendants here is that the records requested are "public records" because the individuals he is requesting information about were either convicted of crimes, were witnesses at criminal trials, or are employees of the United States and "officers of the court." By this opinion we do not accept plaintiff's characterizations. Our holding is limited to requiring the defendants to make a search of their records pursuant to the FOIA, disclose any documents which are not exempt, and assert any claimed exemptions with particularity. We do not in any way prejudge the validity of exemptions which defendants may or may not choose to rely on in making the required production.

10. The exemption provision of the statute provides in relevant part:

(b) This section does not apply to matters that are—

\* \* \* \* \* \*

(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel. 5 U.S.C. § 552(b) (1976).

the individual was engaged in some activity which may have been detrimental to the national security of the United States. Such an inference clearly holds the individual up to public speculation and ridicule which can only cause the individual embarrassment, harassment and potential physical harm. Smith Aff. ¶ 74.

In their brief defendants take the position that

[the] FBI's [ ] action in refusing to confirm or deny the existence of records concerning third parties in the absence of their notarized authorizations, citing the (b)(7)(C) and/or (D) privacy and confidential source exemptions, . . . , has been repeatedly upheld by the U.S. Court of Appeals for the Seventh Circuit. *See Maroscia v. Levi*, 569 F.2d 1000 (7th Cir. 1977); *Terkel v. Kelley*, 599 F.2d 214 (7th Cir. 1979), . . .; *Scherer v. Kelley*, 584 F.2d 170 (7th Cir. 1978), . . .; *Miller v. Webster, et al.*, [661 F.2d 623 (7th Cir. 1981)]. Defendants' Reply on Motion for Partial Summary Judgment at 2.

None of the cited cases supports the extreme position taken by defendants in this litigation. In each case the agency involved, usually the FBI, supplied the court and the plaintiff with detailed affidavits describing the nature of the material sought, producing the material for which no exemption applied, and outlining in various degrees of detail, why all or portions of the requested files should be exempt. *See Miller v. Bell*, 661 F.2d at 627 ("Special Agent King's lengthy and detailed affidavit . . . identifies each type of excision and relates them in particular detail to the relevant claimed exemption."); *Terkel v. Kelley*, 599 F.2d at 217 ("[T]he agency has furnished lengthy detailed descriptions of all documents released, the nature of portions excised, the statutory source of the exemptions claim, the reason the exemptions were

claimed, and the standards [relied upon]. The affidavit contains a document by document index in which each document is described [and] the deleted portions are outlined as to quantity and general character. . ."); *Scherer v. Kelley*, 584 F.2d at 175 ("[W]e find that the FBI [and other agencies] all provided the court with a sufficiently detailed means of cross-reference. Those three agencies submitted sworn affidavits which comprehensively set forth the exemptions upon which the agency had relied when it excised portions of its file pertaining to Scherer and set forth the reasons underlying their use."); *Maroscia v. Levi*, 569 F.2d at 1001 ("The files have been produced for our *in camera* inspection and they have been reviewed. The portions asserted to be exempt were marked in red."). Even a cursory reading of those cases indicates that they do not sanction the agency in asserting a blanket refusal to produce documents based on a hypothetical assertion of third party privacy interests. In at least one case the court indicated that withholding entire pages of documents was not justified where deleting identifying material would adequately protect the interests served by the claimed exemption. *See Terkel*, 599 F.2d at 217–218.

■ The FBI's position here is clearly at odds with the procedures adopted in this and other circuits and violates the requirements of the FOIA. If we were to hold that agent Smith's affidavit asserting that admitting the existence of an FBI file alone constitutes a "clearly unwarranted invasion of personal privacy" without even requiring a description of what the file is about we would be creating a blanket exemption from the FOIA which the FBI could assert at its discretion. The Congress specifically rejected such a broad exemption from the requirements of the act and we decline to permit it to be fashioned here.[11] If defend-

11. The only blanket exemption provided in the original FOIA was for executive invocation of the "classified documents" exemption, 5 U.S.C. § 552(b)(1). *See Environmental Protection Agency v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973). The Congress disapproved of the application of the exemption and its interpretation in *Mink* and amended the statute in 1974 to provide for in camera inspection even where the documents are alleged to have national security implications. *See* S.Rep.No. 93–1200, 93rd Cong., 2d Sess. *reprinted in*

ants wish to resist the plaintiff's request for particular documents they must follow the procedure outlined in *Stein* and "(1) describe the withheld documents and the justifications for non-disclosure with reasonably specific detail, [and] (2) demonstrate that the information withheld falls logically within the claimed exemption." 662 F.2d at 1253. Merely stating that if some files exist they would necessarily be exempt in their entirety will not suffice. Defendants' motion for summary judgment on counts 2, 3, 8, 19, 30, and 31 is denied. Defendants are ordered to search for the requested material and produce the documents, identifying any claimed exemptions and the reasons for the exemption with reference to the particular documents, within 30 days.

 Defendants move to dismiss counts 15, 25, 26 and 28 on the grounds that after a thorough search of the FBI's central file no FOIA requests by plaintiff were discovered for the persons covered by these counts. The affidavit of agent Smith adequately details the FBI search procedure and if uncontroverted would constitute a clear grounds for dismissal. The Act requires that before the district court may entertain an action under the statute plaintiff must exhaust available administrative procedures.[12] Such procedures obviously include providing the agency with an initial FOIA request. However, here the assertions of agent Smith are controverted by plaintiff. Plaintiff has attached to his complaint [13] a copy of an initial request and letter appealing the FBI's failure to produce the requested documents in the statutory ten day period. Plaintiff's Complaint, Count XV, Ex. A, B; Count XXV, Ex. A, B; Count XXVI, Ex. A, B; Count XXVIII, Ex. A, B. On the cross motions for summary judgment we must construe the factual issues in a way most favorable to the opposing party. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Thus, under normal circumstances, the cross motions for summary judgment would be denied.

 However, on the facts of this case, we do not believe conducting a hearing will be helpful in deciding the issue, while it will undoubtably impose a substantial burden on the parties.[14] What we have here is a standoff: plaintiff asserts that he mailed the initial request and the notice of appeal and defendants assert that they never received them. There is no doubt, however, that defendants received a copy of the requests contained in these counts upon service of the complaint in this case. In order to economize what would otherwise be an

[1974] U.S.Code & Admin.News 6267. There has never been a blanket exemption for law enforcement files and exemption (b)(7) on its face requires that the agency withhold only pursuant to one of six enumerated categories. *See* note 9, *supra*.

**12.** *See* 5 U.S.C. § 552(a)(6)(C). Defendants also press the exhaustion requirement for counts 1, 7, 8, 19, 31 and 33, alleging that plaintiff failed to administratively appeal from an adverse ruling as required by the statute. In the first place, plaintiff has attached to each count of the complaint a letter of administrative appeal addressed to the defendant FBI. Other than the statement in the brief that plaintiff has failed to exhaust, defendants have not controverted the letters which indicate plaintiff has appealed the adverse determination. Moreover the Act provides,

(C) Any person making a request to an agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. 5 U.S.C. § 552(a)(6)(C).

The applicable time period referred to in that subsection is ten days. *See* 5 U.S.C. § 552(a)(6)(A)(i). Defendants' responses to plaintiff's requests, where any response has been produced, all came after the statutory time period and therefore plaintiff's obligation to exhaust his administrative remedies is waived. *See* Complaint count 1, Ex. A–E; count 7, Ex. A–C; count 8, Ex. A–C; count 19, Ex. A, B; count 31, Ex. A, C; count 33, Ex. A, B.

**13.** Plaintiff is proceeding in this action *pro se* and, although he has not submitted affidavits, by signing the complaint we construe him to have verified the authenticity of the facts alleged therein. *See* Fed.R.Civ.P. 11.

**14.** Plaintiff is currently a prisoner in custody at the federal penitentiary at Terre Haute, Indiana.

unnecessarily long and unhelpful process, we will grant defendants' motion to dismiss these counts but treat service of the complaint as an official request under the FOIA for release of the information requested. If in the ten day statutory period from the date of this opinion defendants do not comply with the request, plaintiff may file an administrative appeal on which he is entitled to a ruling in twenty days. If plaintiff is not satisfied with the disposition of his request he may again initiate suit to compel disclosure and we will consolidate that suit with the remaining portions of the case currently before us.[15] With the above understanding, defendants' motion to dismiss counts 15, 25, 26 and 28 is granted without prejudice.

 Defendants' motion to dismiss with respect to counts 11, 13, 16, and the portion of 36 dealing with Ray Miller is well founded. Count 13 requests material in connection with "case number 74 CR 806." The affidavit of agent Smith adequately explains that the FBI does not index files or materials by criminal docket numbers and therefore has no way to trace the material sought. Smith Aff. ¶ 82. With respect to Ray Miller the affidavit of agent Smith that a search of the general indices of the central records system of the FBI has failed to reveal any file under the name identified is dispositive. Smith Aff. ¶ 80. Defendants can do no more than search their files and they cannot turn over what they do not have. Finally defendants' assertion by way of affidavit that they are ready to turn over the files requested on Patricia Hearst and the late Mayor Richard Daley if plaintiff pays the 10¢ per page copying fee is dispositive of counts 11 and 16. Smith Aff. ¶ 83; Affidavit of Agent Sherry Davis ¶ 1–11 (hereinafter "Davis Aff."). Plaintiff's request to receive the documents free of charge was denied pursuant to statute and applicable regulations. *See* Davis Aff. ¶ 9–11, Ex. F, G; 5 U.S.C. § 552(a)(4)(A) and 28 C.F.R. ¶ 16.9(a), (b). We agree with

defendants that plaintiff has failed to establish that he seeks release of these documents in the general public interest as opposed to his own private use and he therefore fails to meet the standards for requiring a fee waiver. *Id.* Accordingly, counts 11, 13, 16 and the portion of count 36 identified above are dismissed.

 With respect to counts 6, 10, 17 and the remainder of count 36, defendants have produced and turned over to plaintiff a substantial amount of material. That material contains literally thousands of pages of documents, supported by affidavits from four FBI agents containing specific explanations for each exemption claimed and detailed indices of how the exemptions correspond to the documents. *See* Davis Aff., Ex. 7 ¶ 19–20, ex. EE; Affidavit of Agent Francis Garret, Ex. 8 ¶ 20–22, ex. O (the Garret affidavit explains the exemptions claimed on a cover page to each document produced rather than by way of a general index); Affidavit of Agent Walter Scheuplein, Ex. 9 ¶ 8, ex. L; Affidavit of Agent Douglas Ogden, Ex. 10, ¶ 5–6 (this affidavit also asserts the claimed exemptions by way of a cover page to each document disclosed rather than by way of a general index). We have reviewed the affidavits submitted and selectively viewed the documents submitted to plaintiff and we find that the affidavits are sufficient to establish the applicability of the § 552(b)(6) and (b)(7) exemptions claimed by defendants. In balancing the individuals' rights to privacy against the public interest in the disclosure sought here we believe the privacy interests asserted have the better of it. All of claimed exemptions relate to protections of named individuals; either FBI or other agents of government, sources during the course of criminal investigations, or third parties whose names came up during the course of criminal investigations. Plaintiff's desire for the documents apparently stems from his belief that all or part

---

**15.** By previous order we have dismissed counts 4, 12, 20, 21, 23, 34, and 37. Our order of March 23 apparently inadvertently included counts 24 and 27 rather than 34 and 37. Accordingly, we amend that order to reflect dismissal of the later numbered counts. As we understand it, counts 24 and 27 are then still at issue in this case.

of the material is relevant to his proving that he was wrongly convicted of criminal activity.[16] While plaintiff need not assert any reason at all to require the agency to comply with his FOIA requests for documents which are not protected by an exemption, once an exemption is claimed the general public interest in release becomes relevant. *See Department of Air Force v. Rose*, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976); *Miller v. Bell*, 661 F.2d at 628–31. On the facts of this case, we hold that the privacy interests prevail and disclosure would be unwarranted.

Plaintiff additionally contends that the Vaughn affidavits supplied him are vague and ambiguous. To the contrary, we find the affidavits more than sufficient to meet the requirements of *Vaughn* and its progeny. *See Stein v. Dept. of Justice and FBI*, 662 F.2d at 1260; *Baez v. Dept. of Justice*, 647 F.2d 1328 (D.C.Cir.1980); *Lesar v. Dept. of Justice*, 636 F.2d 472 (D.C.Cir. 1980); *Nix v. United States*, 572 F.2d 998 (4th Cir. 1978); *Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).[17] Accordingly, defendants' motion to dismiss with respect to counts 6, 10, 17 and 36 is granted.

Count 1 of plaintiff's complaint requests all documents under plaintiff's name. Defendants, for some reason the court has been unable to ascertain, treat this as a request for information on someone named Cologero Ravana. See Defendants' Motion for Partial Summary Judgment ¶ 9. The complaint contains plaintiff's original request for information, defendants' acknowledgement of the request, and plaintiff's ap-

peal following defendants' failure to produce the requested material. Complaint count 1, ex. A–C. Defendants' reply to this request is unresponsive and plaintiff's motion for summary judgment on count 1 is therefore granted. Defendants to produce all material in their files relating to Michael Carmie Antonelli within the statutorily mandated period of ten days.

Finally, plaintiff has moved to dismiss without prejudice counts 18, 22, 29 and 32 of the complaint. The defendant has offered no objection and therefore those counts are dismissed without prejudice.

In summary, defendants' motion for summary judgment and plaintiff's cross motion for summary judgment are granted in part and denied in part. Counts 6, 10, 11, 13, 16, 17 and 36 are dismissed with prejudice. Counts 15, 25, 26 and 28 are dismissed without prejudice, and plaintiff is granted leave to reinstate if dissatisfied with defendants' response to the requests contained therein after production or denial and administrative appeal. Counts 18, 22, 29, and 32 are dismissed without prejudice. Defendants are ordered to respond to the requests in counts 2, 3, 7, 8, 19, 30, 31 and 33 by producing non-exempt documents and asserting with particularity any claimed exemptions within 30 days.[18] Plaintiff is granted summary judgment on count 1 and defendants are ordered to produce all documents requested in that count within ten days from the date of this order.

---

16. *See* Plaintiff's Answer to Motion for Partial Summary Judgment at 2.

17. Plaintiff alternatively requests that this court conduct an *in camera* examination of the document submitted to him to determine if the exemptions are properly claimed. The decision to conduct *in camera* review is discretionary. *See* 5 U.S.C. § 552(a)(4)(B); S.Rep. 93–1200, 93rd Cong., 2d Sess., *reprinted in* U.S.Code Cong. & Admin.News 6267, 6287. We believe the affidavits and indices provided by the defendants are adequate to establish the grounds

for the claimed exemptions and therefore decline to exercise our discretion.

18. In response to count 7, not previously discussed, defendants allege that there is doubt about the authenticity of the consent forwarded by the plaintiff. Because, as we have discussed above, plaintiff is not obliged to forward the consent of the subjects of the inquiry when making a FOIA request, and plaintiff acknowledges receiving the request at issue in count 7, we include this count in the group which defendants are ordered to respond to in 30 days.