**Taylor BRANCH, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Defendant.**

**Civ. A. No. 86–1643.**

United States District Court, District of Columbia.

April 13, 1987.

Katherine A. Meyer, Patti A. Goldman and Alan B. Morrison, Washington, D.C., for plaintiff.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth and Robert E.L. Eaton, Asst. U.S. Attys., Washington, D.C., for defendant.

## OPINION

CHARLES R. RICHEY, District Judge.

Plaintiff seeks pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552,

portions of the Stanley Levinson files being withheld by the Federal Bureau of Investigation (FBI). The FBI has invoked Exemptions 1, 2, 7(C) and 7(D) of the FOIA. Upon consideration of defendant's motion for summary judgment, plaintiff's motion for an *in camera* inspection and the entire record herein, the Court grants in part defendant's motion and remands in part for a more detailed *Vaughn* index, and denies plaintiff's motion for an *in camera* inspection.

## I. BACKGROUND

Plaintiff, a writer and historian, seeks FBI files generated between the years 1952 and 1963 concerning Stanley Levinson. Mr. Levinson was a friend and advisor of Dr. Martin Luther King. Plaintiff originally sought access to the Levinson files by requesting an opportunity to read them in the FBI's public reading room. Although some of the Levinson files were provided to plaintiff, most were withheld.

Plaintiff appealed the withholding of this information by letters dated February 9, 1984 and June 29, 1984. On April 23, 1984 and August 14, 1984, the Department of Justice affirmed the FBI's withholding of this information and notified plaintiff that any information withheld because it was classified would be sent to the Departmental Review Committee to determine whether continued classification was warranted. Upon review, part of one page was declassified and released.

By letter dated April 3, 1986, plaintiff's representative challenged the withholding of the Levinson files. On June 9, 1986, the decision to withhold the information was again affirmed and the classified material was referred to the Departmental Review Committee to determine whether it warranted continued classification.

On June 13, 1986 the plaintiff filed this action. The information at issue is contained in 314 documents totalling 863 pages. The Court ordered the FBI to supply an index of the documents in accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The

FBI claims that the information was properly withheld pursuant to FOIA Exemptions 1, 2, 7(C) and 7(D). Pending are defendant's motion for summary judgment and plaintiff's motion for *in camera* inspection.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

A. *The "Coded Format" Satisfies the Requirements of Vaughn v. Rosen.*

Preliminarily, the Court must determine whether defendant's "coded format" satisfies the requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Because the defending agency bears the burden of proof, 5 U.S.C. § 552(a)(4)(B), it must submit a *Vaughn* index—an itemized index, correlating each withheld document with a specific FOIA exemption and the agency's reason for withholding the information. *See, e.g., Vaughn v. Rosen*, 484 F.2d at 487. If the index is not sufficiently detailed to permit the Court to conduct a *de novo* review, the court may remand and order the submission of a more detailed index. *See, e.g., Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C.Cir.1979).

Defendant has not submitted a traditional *Vaughn* index serially describing each document and why it is being withheld. Instead, defendant has provided redacted copies of the documents at issue. On each document is a code describing the FOIA exemption being asserted and the nature of the information being withheld. For example, the code (b)(7)(C)–7 indicates that the information is being withheld pursuant to FOIA Exemption 7(C) and that it contains the names of non-Federal law enforcement officers. *See* Llewellyn Declaration ¶ 26; *see also* Peterson Declaration ¶¶ 7–10 (explaining how the coded format works). By cross-referencing the code with the declarations, defendant's justification for witholding the information is explained. *See, e.g.,* Llewellyn Declaration ¶ 30.

▪ Although defendant has not submitted a traditional *Vaughn* index, the cod-

ed format provides an adequate record for review. The code identifies the FOIA exemption asserted and describes the nature of the withheld information, and can be cross-referenced to the declarations explaining why the information may be withheld. Therefore, because the coded format effectively serves the same purpose as a *Vaughn* index, the Court finds that it is adequate. *See, e.g., Air Line Pilots Association v. FAA,* 552 F.Supp. 811, 815 (D.D.C.1982) (*Vaughn* requirement met where agency provides equivalent information that *Vaughn* index would provide).

B. *With the Exception of the Information Characterized by the Code "(b)(1)4b," the Defendant Has Properly Invoked Exemption 1; the Information Denoted "(b)(1)4b," Must be Described With More Specificity.*

Information may be withheld pursuant to Exemption 1 of the FOIA if it is national security information concerning national defense or foreign relations and has been properly classified in accordance with the substantive and procedural requirements of an executive order (EO). *See* 5 U.S.C. § 552(b)(1). Plaintiff concedes that defendant has classified the information at issue in accordance with the applicable EO—EO 12356. *See* Plaintiff's Opposition at 7. Plaintiff only contends that defendant has not carried its burden of proving with adequate specificity that the information logically falls under the substantive criteria of EO 12356. *See Weissman v. CIA,* 565 F.2d 692, 697 (D.C.Cir.1977) (court must be satisfied based on a sufficient description of the document that it logically falls within the exemption).

EO 12356 permits the classification of information if "its disclosure reasonably could be expected to cause damage to the national security." Among other things, EO 12356 classifies foreign government information, intelligence sources and methods, and foreign relations or foreign activities. *See* EO 12356 § 1.3(a).

█ Plaintiff claims that defendant fails to justify why there is a continuing national security interest in documents that are over 20 years old.[1] EO 12356 explicitly states, however, that "information shall be classified *as long as required* by national security considerations." EO 12356 § 1.4(a) (emphasis added). Thus, information is not automatically declassified with the passage of time. Here the uncontroverted facts show that the classified information was sent to the Departmental Review Committee to determine whether continued classification was warranted. *See* Facts ¶¶ 3 & 5. With the exception of part of one page, the Departmental Review Committe determined that continued classification was warranted. *See id.* Therefore, as long as defendant's declarations explain with sufficient specificity the justification for withholding the information, the Court must defer to the agency's judgment that continued classification is warranted. *See, e.g., Abbotts v. NRC,* 766 F.2d 604, 606 & n. 3 (D.C.Cir.1985); *Miller v. Casey,* 730 F.2d 773, 776 (D.C.Cir.1984); *Taylor v. Department of the Army,* 684 F.2d 99, 109 (D.C.Cir.1982); *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981); *Halperin v. CIA,* 629 F.2d 144, 148 (D.C.Cir.1980); *Gardels v. CIA,* 689 F.2d 1100, 1106 (D.C.Cir.1982).

Accordingly, plaintiff argues that the information withheld pursuant to Exemption 1 is not adequately described.[2] It is beyond question that to sustain its burden of proving that the information was properly

---

**1.** Plaintiff asserts that defendant mischaracterizes the nature of the information classified under EO 12356. Plaintiff claims that although only three deletions in the 863 withheld pages contain foreign government information, defendant places great emphasis on the importance of protecting such information. Notwithstanding that defendant has extensively discussed the classification of foreign government information, this is not tantamount to mischaracterizing the information withheld.

**2.** The plaintiff also claims that defendant does not provide any information about the number or nature of the sources it seeks to protect under this exemption. *See* Plaintiff's Opposition at 12. Because this argument is essentially that defendant's affidavits are not sufficiently specific, it will be treated as such.

withheld, the agency may only rely on declarations sufficiently detailed to permit the Court to conduct a *de novo* review. *See, e.g., Founding Church of Scientology v. Bell,* 603 F.2d 945, 949 (D.C.Cir.1979). Unlike the other FOIA exemptions, however, the Court must accord substantial weight and deference to an agency's justifications for withholding classified information pursuant to Exemption 1. *See, e.g., Abbotts,* 766 F.2d at 606 & n. 3; *Miller,* 730 F.2d at 776; *Taylor,* 684 F.2d at 109; *Military Audit Project,* 656 F.2d at 738; *Halperin,* 629 F.2d at 148; *Gardels,* 689 F.2d at 1106. Thus, if the agency's declarations are "reasonably specific," the Court must defer to the agency. *See id.*

Upon review of the redacted documents at issue and the respective declarations, the Court finds, with the exception of the information withheld under defendant's code "(b)(1)4b," which represents intelligence sources and methods, that defendant's justifications for withholding information under Exemption 1 are reasonably specific. *See* Peterson Declaration, Appendix A. Defendant describes the precise nature of the information withheld and why it is classified under EO 12356. *See id.* Accordingly, the Court finds that the information is properly classified under EO 12356 and, therefore, may be withheld.

■ The defendant's justification for withholding information coded "(b)(1)4b," however, is not reasonably specific. It is virtually impossible for the Court to make a *de novo* determination of whether Exemption 1 has been properly invoked. *See Ray v. Turner,* 587 F.2d 1187, 1194 (D.C. Cir.1978) (court must make a *de novo* review). The defendant gives no less than four separate reasons why the information has been withheld, without stating which of the four reasons applies to a particular deletion. *See* Peterson Declaration at 20. The Court must guess which reason or reasons apply to each deletion. Therefore,

the Court will remand and order the agency to submit a more specific *Vaughn* index describing the precise reason why a particular deletion described by the code (b)(1)4b is being withheld.[3]

### C. Defendant May Withhold Source Symbols and File Numbers Pursuant to Exemption 2.

■ Exemption 2 of the FOIA permits the withholding of information "related solely to internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). This exemption protects internal matters of a trivial nature. *See, e.g., Founding Church of Scientology v. Smith,* 721 F.2d 828, 830 (D.C.Cir.1983). Defendants have invoked Exemption 2 to protect source symbols and file numbers. *See* Llewellyn Declaration ¶ 10. There is no question that such information is trivial and may be withheld as a matter of law under Exemption 2. *See, e.g., id.; Scherer v. Kelley,* 584 F.2d 170, 175–76 (7th Cir.1978), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979); *Nix v. United States,* 572 F.2d 998, 1005 (4th Cir.1978); *Maroscia v. Levi,* 569 F.2d 1000, 1001–02 (7th Cir.1977). Therefore, the Court will grant summary judgment with regard to the information withheld pursuant to Exemption 2.

### D. Defendant May Withhold Pursuant to Exemption 7(C) Information That Would Identify Persons Mentioned in the Levinson Files and Persons Who Supplied Information in Connection With the Levinson Investigation.

Exemption 7(C) permits the withholding of "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). There is no question, that the records at issue are investigatory records; they pertain to the investigation

---

**3.** Although plaintiff also argues that its affidavits cast doubt on the legitimacy of defendant's national security claims, *see* Plaintiff's Opposition at 12–19, it would be premature to consider these arguments at this time. It may be that some of plaintiff's concerns will be intensified or attenuated upon consideration of the more detailed index to be submitted by defendant. If after the defendant has submitted a more specific index the plaintiff wants the Court to consider this argument, the plaintiff may move the Court to do so at that time.

of Stanley Levinson. *See* Llewellyn Declaration ¶ 16. Accordingly, the records may be withheld if disclosure would constitute an unwarranted invasion of personal privacy, which occurs where the privacy interest asserted by the agency outweighs the public's interest in disclosure. *See, e.g., Lesar v. Department of Justice*, 636 F.2d 472, 486 (D.C.Cir.1980).

■ The plaintiff contests defendant's withholding of information that would identify persons mentioned in the investigatory files and persons or corporations who furnished information to the FBI. *See* Plaintiff's Opposition at 21 & n. 6. It is generally recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation. *See, e.g., Miller*, 661 F.2d at 631; *Lesar*, 636 F.2d at 488; *Iglesias v. CIA*, 525 F.Supp. 547 (D.D.C.1981); *Congressional News Syndicate v. Department of Justice*, 438 F.Supp. 538, 541 (D.D.C.1977). This is precisely why the defendant withheld such information. *See* Llewellyn Declaration ¶ 30(A)–(C). Although the Levinson investigation was conducted over twenty years ago, the privacy interests of the persons mentioned in the investigatory files do not necessarily diminish with the passage of time. *See, e.g., Diamond v. FBI*, 707 F.2d 75, 77 (2d Cir.1983), *cert. denied*, 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); *King v. Department of Justice*, 586 F.Supp. 286, 295 (D.D.C.1983); *Abrams v. Federal Bureau of Investigation*, 511 F.Supp. 758, 762–63 (N.D.Ill.1981); *Lamont v. Department of Justice*, 475 F.Supp. 761, 777 (S.D.N.Y.1979). Here the interest in privacy clearly has not diminished because the defendant has only withheld information that would identify living parties. *See* Llewellyn Declaration ¶ 30. Although there may be a public interest in the release of this information, as long as the individuals mentioned are alive, their privacy interest is paramount to the public interest in disclosure. This is particularly so where the information was obtained by means that the plaintiff characterizes as questionable and overzealous law enforcement investigations. *See, e.g., Dunaway v.*

*Webster*, 519 F.Supp. 1059, 1079 (N.D.Cal. 1981). Therefore, the release of information that would identify persons mentioned in the investigatory files, whether the persons were merely mentioned incidentally or as suppliers of information in connection with the investigation, would result in an unwarranted invasion of personal privacy. Accordingly, the information may be withheld pursuant to Exemption 7(C).

E. *Defendant Has Not Adequately Described Its Justification for Withholding Information Pursuant to Exemption 7(D).*

Exemption 7(D) permits the withholding of information that would "disclose the identity of a confidential source and, in the case of a record compiled by . . . an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source." 5 U.S.C. § 552(b)(7)(C).

■ Plaintiff argues that defendant's declarations fail to state that the sources being withheld were given express or implied assurances of confidentiality. *See* Plaintiff's Opposition at 27. However, just as conclusory explanations will not justify withholding information, the absence of conclusory explanations will not preclude the withholding of information. Although defendant did not explicitly state that sources were assured confidentiality, defendant described with adequate detail circumstances from which an implied assurance of confidentiality may be reasonably inferred. *See* Llewellyn Declaration at 21. Defendant's affidavit makes it "apparent that the agency's investigatory function depends for its existence upon information supplied by individuals who in many cases would suffer severe detriment if their identities were known." *Diamond*, 707 F.2d at 78 (quoting *Lamont*, 475 F.Supp. at 779); *see, e.g., Ingle v. Department of Justice*, 698 F.2d 259, 269 (6th Cir.1983); *Conoco v. Department of Justice*, 687 F.2d 724, 730 (3d Cir.1982); *Radowich v. United States Attorney*, 658 F.2d 957, 960 (4th Cir.1981); *Miller*, 661 F.2d at 627. Therefore, because confidentiality is inherently implicit

in a FBI criminal investigation, *see Miller*, 661 F.2d at 627, and defendant has described circumstances from which an assurance of confidentiality may reasonably be implied, the information may be withheld pursuant to Exemption 7(D).

■ Secondly, the plaintiff notes that although Exemption 7(D) exempts information furnished by a confidential source, defendant does not state that it is withholding any information obtained from a confidential source. It appears that plaintiff is correct; defendant has not stated that any of the information it is withholding is being withheld because it was provided by a confidential source in the course of a criminal investigation. Defendant merely restates the language of the Exemption: "Significantly, protection by exemption from disclosure is afforded by statute to information furnished by the source." Llewellyn Declaration ¶ 32(A). Therefore, the Court will order defendant to identify precisely what information, if any, is being withheld because it was supplied by a confidential source.

■ Finally, plaintiff argues that the information furnished by confidential sources is not exempt because defendant has not established that it was collected in the course of "a lawful national security intelligence investigation." Only information from "lawful" investigations is protected. Defendant fails to supply the Court with the facts and law necessary to determine whether the information supplied by the confidential sources was collected in connection with a lawful national security intelligence investigation. Defendant merely states that the investigation of Mr. Levinson's relationship with the Communist Party was "legitimate." *See* Llewellyn Declaration ¶ 16. Whether it was or not is impossible to determine from the facts before the Court. Therefore, defendant must submit more detailed affidavits remedying this deficiency.

### F. *Defendant's Declarations Regarding Segregability Are Not Reasonably Specific.*

If an agency submits an affidavit claiming that non-exempt information is not reasonably segregable from exempt information, the non-exempt information may be withheld. *See Mead Data Central, Inc. v. Department of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977). Defendant's affidavits, however, are deficient in that they fail to state with sufficient specificity whether non-exempt information is segregable.

■ Defendant asserts that "any reasonably segregable portions of the classified documents that did not require protection under EO 12356 have been declassified and marked for release unless withholding was otherwise warranted under applicable law," Peterson Affidavit ¶ 6, and that "[e]very effort was made to provide plaintiff with all reasonably segregable non-exempt portions of the material requested." Llewellyn Affidavit ¶ 25. Defendant has virtually restated the standard for withholding non-exempt information. In effect, the defendant has stated that he has complied with the FOIA because all "reasonably segregable" information has been released. Such conclusory assertions fall short of the specificity required for a court to properly determine whether the non-exempt information is, in fact, not reasonably segregable. *See Mead Data*, 566 F.2d at 260. Accordingly, defendant must either release all non-exempt information or submit a detailed index indicating *exactly* what information is non-exempt and why it would be unreasonable to segregate it from the exempt information.

### III. PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION

■ In the event that the Court determines that the FBI cannot submit a more detailed *Vaughn* index and affidavits without compromising the confidentiality of the information at issue, plaintiff moves the Court to examine *in camera* random portions of the withheld information to ensure that the invoked exemptions apply and that all reasonably segregable non-exempt information has been released. Because the Court finds that defendant's *Vaughn* index is, with the exceptions noted above, ade-

quately detailed an *in camera* inspection is unnecessary. If defendant is unable to submit a sufficiently detailed supplemental *Vaughn* index as directed above, the Court will then consider an *in camera* inspection as a matter of last resort if the plaintiff so moves.

## IV. CONCLUSION

An Order shall issue herewith in accordance with this Opinion.

## ORDER

For the reasons set forth in the Court's Opinion issued herewith, it is, by the Court, this 13th day of April, 1987,

ORDERED that defendant's motion for summary judgment is granted with respect to the information withheld pursuant to Exemption 1, except for information denoted "(b)(1)4b," Exemption 2 and Exemption 7(C); it is

FURTHER ORDERED that defendant's motion for summary judgment is denied with respect to information withheld pursuant to Exemption 1 and denoted "(b)(1)4b" and Exemption 7(D); it is

FURTHER ORDERED that defendant submit within 20 days a supplemental *Vaughn* index in accordance with the Court's Opinion with respect to information withheld pursuant to Exemption 1 and denoted "(b)(1)4b," Exemption 7(D) and non-exempt information not reasonably segregable; and, it is

FURTHER ORDERED that plaintiff's motion for an *in camera* inspection is denied without prejudice.