Ricky DURHAM, Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, Defendant.

Civ. A. No. 91–2636 (CRR).

United States District Court,
District of Columbia.

Aug. 17, 1993.

Ricky Durham, pro se.

David L. Dougherty, Dept. of Justice, Civ. Div., with J. Ramsey Johnson, U.S. Atty., and John D. Bates, Asst. U.S. Atty., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are the Defendant's Motion for Summary Judgment and the Plaintiff's Cross–Motion for Summary Judgment in this case under Freedom of Information Act ("FOIA"). 5 U.S.C. § 552.[1] After consideration of the filings by both parties, the applicable law, and the record herein, the Court shall grant the Defendant's Motion.

---

1. The above-captioned action was dismissed without prejudice on August 24, 1992, because the Plaintiff indicated that records involved in this action were the same records in dispute in another FOIA action brought by the Plaintiff in which the Court granted Summary Judgment for the Defendant. *See Durham v. United States Postal Service*, Civil Action No. 91–2234 (D.D.C. Nov. 25, 1992) (order granting summary judgment for the Defendant), *aff'd* No. 92–5511, 1993 WL 301151 (D.C.Cir. July 27, 1993) (order granting summary affirmance). The Plaintiff subsequently informed the Court that the two cases were not the same and this action was reopened. All motions filed before the dismissal are now properly before the Court.

## I. BACKGROUND

The Plaintiff is a prisoner in jail for the homicide of Kenneth Clark, a former Postal Service Carrier. He is requesting records pertaining to Clark's murder from the Defendant Executive Office for United States Attorneys ("EOUSA") under FOIA. He asks for all investigative records that pertain to himself relating to Clark's murder, the names of all suspects (including criminology reports on one particular suspect), and a waiver of any copying fees.

■ In response to the Plaintiff's requests, EOUSA provided the Plaintiff with 103 pages in full. EOUSA released 62 pages with some information excised and withheld approximately 1,488 pages in full under certain FOIA Exemptions. *See* Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Partial Summary Judgment. The Defendant has submitted three detailed declarations which describe the documents that were withheld and indicated under which FOIA exceptions those records fall. *See* Defendant's Motion for Partial Summary Judgment, Declaration of Virginia L. Wright ("Wright Declaration"); Declaration of Special Agent James L. Vermeersch ("Vermeersch Declaration"); and Declaration of Mary Otto ("Otto Declaration").[2]

2. In its Order of July 1, 1992, the Court advised the Plaintiff that he needed to submit his own affidavits or other documentary evidence to contradict the factual assertions in Defendant's Motion for Summary Judgment which were supported by documentary evidence. The Court indicated that if the Plaintiff failed to do so, the Court would adopt the Defendant's uncontradicted factual assertions as true. *See* Fed.R.Civ.P. 56(c); *Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir. 1992). To date, the Plaintiff has not submitted any affidavits or documentary evidence. The declarations submitted by the Defendant are detailed and non-conclusory, and the Court finds no evidence in the record that the agency is acting in bad faith. Therefore, the Court shall accept the Defendant's factual assertions as to their contents. *See PHE, Inc. v. Department of Justice,* 983 F.2d 248, 252–3 (D.C.Cir.1993).

3. In his Complaint, the Plaintiff also requests this material under the Privacy Act of 1974, 5 U.S.C. § 552a (1988). However, the Plaintiff does not mention the Privacy Act in his other papers and the Defendants only briefly addresses that statute in their papers. The Court concludes that the

■ Because the Defendant has demonstrated that the withheld documents and information fall within FOIA Exemptions (b)(2), (b)(3), (b)(5), (b)(7)(C), (b)(7)(D), (b)(7)(F), the Court shall grant summary judgment for the Defendant.[3]

## II. EXEMPTION 2

■ The Defendant invokes Exemption 2 to withhold from disclosure an informant's symbol number.[4] Under FOIA Exemption 2, material "related solely to the internal personnel rules and practices of an agency" is exempted from disclosure. 5 U.S.C. § 552(b)(2). Exemption 2 permits withholding of information when disclosure would permit circumvention of a statute or agency regulation. *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1074 (D.C.Cir.1981). It is established law that the symbol numbers of informants fall within Exemption 2. *See Lesar v. Department of Justice,* 636 F.2d 472, 485–86 (D.C.Cir.1980) (informant codes "plainly fall within the ambit of Exemption 2"); *Watson v. United States Department of Justice,* 799 F.Supp. 193, 195 (D.D.C.1992) (DEA protection of Informant Identifier codes properly withheld as internal markings). Accordingly, the Court finds that the Defendant here properly withheld the informant source numbers under FOIA Exemption 2.[5]

Plaintiff also cannot receive the information he requested under the Privacy Act, as the information is contained in criminal law enforcement records. *See* Vermeersch Declaration, ¶ 21; Wright Declaration, ¶ 13. Such information is therefore exempt under 5 U.S.C. § 552a(j)(2), as implemented by 28 C.F.R. § 16.96 (1991) (FBI), and 28 C.F.R. § 16.81 (1991) (EOUSA).

4. Informant symbol numbers are used both to protect the confidentiality of an informant's identity, a precaution necessary in order for the agency to maintain the ability to attract informers, and to facilitate the routing of investigative documents to the proper files. Vermeersch Declaration, ¶ 23.

5. The Defendant alternatively claims FOIA exemption 7(C) for the informant source number. However, as the Court finds that such information is exempt under FOIA exemption 2, it is unnecessary to consider the applicability of 7(C).

## III. EXEMPTION 3

■ The Defendant invokes Exemption 3 to justify its refusal to release 355 pages of grand jury records. Exemption 3 permits the withholding of information where:

[a statute] requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or ... establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). The Defendant cites Rule 6(e) of the Federal Rules of Criminal Procedure as its justification for withholding "256 pages of transcripts of grand jury testimony, 96 grand jury subpoenas, 2 letters to grand jury witnesses, and a one-page draft memo from the grand jury foreman requesting evidence for inspection by the grand jury." Defendant's Motion for Partial Summary Judgment, Wright Declaration, ¶ 17.

■ Rule 6(e) prohibits the disclosure of grand jury records which would "tend to reveal some secret aspect of the grand jury's investigation[;] such matters as 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' " *Senate of Puerto Rico v. United States Department of Justice,* 823 F.2d 574, 582 (D.C.Cir.1987) (*quoting SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1382 (D.C.Cir.1980), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289); *see Fund for Constitutional Gov't v. National Archives & Records Serv.,* 656 F.2d 856, 867 (D.C.Cir. 1981). The Court agrees that the information withheld by the Defendant here would enable the identification of witnesses or jurors, and would show the substance of testimony and the direction of the investigation. Accordingly, the Court finds that the grand

jury records were properly withheld under FOIA Exemption 3.

■ In addition to the grand jury records, the Defendant has also withheld three pages of tax records under this Exemption.[6] The relevant statute limiting disclosure of tax return information is 26 U.S.C. § 6103(a), which provides, *inter alia,* that returns and return information shall be confidential, and shall not be disclosed except as authorized by that title. As the tax information refers to a person other than the Plaintiff, there is no exception in that statute for its disclosure and the Court concludes that this material was properly withheld by the Defendant under this Exemption.

## IV. EXEMPTION 5

■ The Defendant has invoked Exemption 5 to protect 507 pages of documents as work-product prepared by attorneys and other government personnel working under the prosecuting attorney's direction and supervision in the Defendant's criminal case. Wright Declaration, ¶ 18.[7] Exemption 5 permits the withholding of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5). The Exemption encompasses "all civil discovery rules," *Martin v. Office of Special Counsel,* 819 F.2d 1181, 1185 (D.C.Cir.1987), and has been held to extend to criminal matters as well as civil. *See Antonelli v. Sullivan,* 732 F.2d 560, 561 (7th Cir.1983). The Exemption includes records not discoverable in litigation due to attorney work-product privilege, *see NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 1515–16, 44 L.Ed.2d 29 (1975), and thus any document prepared in anticipation of

---

6. "Return information," as defined in 26 U.S.C. § 6103(b)(1)(2), encompasses the types of information included here. These records are a Certificate of Official Record, prepared by an Internal Revenue Service employee, regarding the individual income tax account of a third-party taxpayer; and two pages containing printed transcripts of account information of a third-party taxpayer including the taxpayer's name, address, social security number, adjusted gross income, taxable income, and exemptions. Otto Declaration, ¶¶ 8, 11.

7. Such documents include 1) a potential witness list, 2) interviews, 3) telephone messages, 4) opening and closing arguments, 5) trial notes, 6) evidentiary notes, 7) internal memoranda relating to the use of grand jury testimony and potential witness trial testimony, 8) letters to other Federal agencies and Departmental components regarding third-parties and their safety, and 9) draft pleadings. Wright Declaration, ¶¶ 18, 19.

litigation. *See Hickman v. Taylor,* 329 U.S. 495, 509–10, 67 S.Ct. 385, 392–93, 91 L.Ed. 451 (1947). The work-product privilege exists even where the information has been shared with a third party so long as the party holds a common interest with the agency. *See United States v. American Tel. and Tel. Co.,* 642 F.2d 1285, 1299 (D.C.Cir.1980).

The Defendant here represents that the materials withheld under this Exemption "reflect trial preparation, trial strategy, interpretations and personal evaluations and opinions regarding events pertinent to the criminal litigation in *United States v. Ricky Durham.*" Wright Declaration, ¶ 19. As the documents withheld by the Defendant would not be available to a party in litigation with the Defendant agency, the Court concludes that these documents were properly withheld under FOIA Exemption 5.[8]

## V. EXEMPTIONS 7(C), (D), AND (F)

Pursuant to Exemption 7, the Defendant has withheld the names of confidential sources, agents, agency employees, and third parties mentioned in its investigatory files, and withheld 594 pages of records which it asserts contain information provided by confidential sources that might reveal their identities. Wright Declaration, ¶¶ 20, 22, 24; Vermeersch Declaration, ¶¶ 26, 36.

To qualify under Exemption 7, a document must 1) have been "compiled for law enforcement purposes" and 2) fall into one of six categories enumerated by that section. 5 U.S.C. § 552(b)(7). The Defendant maintains that it compiled the information in the course of investigating the Plaintiff for the murder of the Postal Service employee, Kenneth Clark; for unlawful flight to avoid prosecution; and for drug trafficking. Wright Declaration, ¶ 12; Vermeersch Declaration, ¶¶ 15, 16. Therefore, the Court concludes that the Defendant has demonstrated that this material meets the first requirement that it was "compiled for law enforcement purposes."

As to the second prong, the Defendant claims that the withheld material here falls

under 7(C), 7(D), and 7(F); the Court will consider each claim separately.

## A. EXEMPTION 7(C)

■ Under Exemption 7(C), the Defendant has withheld 29 pages of information to protect the names of third parties mentioned in its investigatory files. Vermeersch Declaration, ¶ 26; Wright Declaration, ¶ 20. Exemption 7(C) provides protection when the investigatory material "could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . ." 5 U.S.C. § 552(b)(7)(C).

■ Exemption 7(C) requires a balancing of the named individual's personal privacy interest and the interest of the public in the disclosure of the information. *United States Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989); *Stern v. FBI,* 737 F.2d 84, 91 (D.C.Cir.1984). "It is generally recognized that the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." *Branch v. FBI,* 658 F.Supp. 204, 209 (D.D.C.1987); *see also Lesar,* 636 F.2d at 488. The names of these individuals, while perhaps of interest to the Plaintiff, are not of interest to the general public. *See Simon v. United States Department of Justice,* 752 F.Supp. 14, 19, n. 5 (D.D.C.1990). Further, the goal of FOIA is to permit the public to scrutinize the activities of government; it is *not* intended to foster the dissemination of information gathered by the government about private citizens for the use of other citizens. *KTVY–TV v. United States,* 919 F.2d 1465, 1470 (10th Cir.1990).

The Defendant has also cited this Exemption to withhold the names and initials of employees and Special Agents of the FBI, the names of Postal Service Inspectors, and clerical employees of EOUSA. Vermeersch Declaration, ¶ 29; Wright Declaration, ¶ 20. Exemption 7(C) has been widely held to apply to the identities of federal, state and local law enforcement personnel mentioned in in-

---

**8.** The Defendant claims that the documents are also protected under Exemptions 7(C), 7(D), and 7(F). However, as the Court finds that the rec- ords properly fall under Exemption 5, it need not reach the alternate claim.

vestigatory files to protect such individuals from the potential harassment that could result from disclosure. *See Lesar,* 636 F.2d at 487–88; *Johnson v. United States Department of Justice,* 739 F.2d 1514, 1518–19 (10th Cir.1984); *New England Apple Council, Inc. v. Donovan,* 725 F.2d 139, 142 (1st Cir.1984); *Nix v. United States,* 572 F.2d 998, 1006 (4th Cir.1978).

For all these reasons, the Court concludes that the private privacy interests far outweigh the public interest in disclosure, and the Defendant properly withheld this information under Exemption 7(C).

## B. EXEMPTION 7(D)

■ The Defendant withheld 594 pages of records under this Exemption which it asserts contain 1) the identities of private citizens and law enforcement authorities who provided information to the Defendant under assurances of confidentiality, and 2) information provided by confidential sources that may enable identification of those sources. Wright Declaration, ¶ 22; Vermeersch Declaration, ¶ 36.[9]

Exemption 7(D) provides protection for investigatory material which "could reasonably be expected to disclose the identity of a confidential source, ... or ... information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). The Defendant has indicated, and the Plaintiff has not contested, that the exchange of confidential information will be jeopardized if such confidentiality were breached, which in turn would cause damage to the agencies' ability to perform their tasks. Vermeersch Declaration, ¶ 39, Wright Declaration, ¶ 23. *See Lesar,* 636 F.2d at 491. Furthermore, the identity of a source is protected if, as is the case here, the source provides information under an express promise of confidentiality or under circumstances under which such a promise could be inferred. *See Schmerler v. FBI,* 900 F.2d 333, 337 (D.C.Cir.1990).

Accordingly, the Court concludes that these materials were properly withheld under Exemption 7(D).

## C. EXEMPTION 7(F)

■ The Defendant invokes this Exemption to delete the names of, and information that may be used to identify, third-parties. Wright Declaration, ¶ 24. Exemption 7(F) provides that investigatory information need not be disclosed if it "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). The Defendant alleges, and the Plaintiff does not refute, that these third-parties have knowledge about the crime in which the Plaintiff was involved, and that some have requested placement in the Federal Witness Protection Program. Given the Plaintiff's past violent behavior, the Court agrees with the Government that disclosure of the identity, or information enabling identification, of the individuals who assisted government in its case against the Plaintiff could reasonably endanger their lives or physical safety. Accordingly, the Court finds that this material was properly withheld by the Defendant pursuant to this Exemption.

## VI. PUBLIC RECORDS

■ Finally, the Plaintiff has requested that the Defendant provide him with copies of 2,340 pages of public court records and to waive the copying fees because he is indigent. Even assuming, *arguendo,* that these records are subject to FOIA, the Plaintiff is not entitled to a waiver of the copying costs. FOIA provides for a waiver of fees where it is determined that disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). The requester of the waiver has the "initial burden of identifying the public interest" in the information. *National Treasury Employees Union v. Griffin,* 811 F.2d 644, 647 (D.C.Cir.1987). The Plaintiff has failed to identify how it is in the public interest for the Defendant to provide him with free copies of documents that are easily accessible and available to everyone

---

**9.** Law enforcement agencies are "sources" within the meaning of 5 U.S.C. § 552(b)(7)(D). *See Shaw v. Federal Bureau of Investigation,* 749 F.2d 58, 62; *Weisberg v. United States Department of Justice,* 745 F.2d 1476, 1492 (D.C.Cir.1984); *Lesar,* 636 F.2d at 491.

else for a fee.[10] Accordingly, the Court determines that the Defendant is not required to provide the Plaintiff with copies of these court documents unless the Plaintiff remits the requisite fees.

## VII. CONCLUSION

Upon consideration of the Defendant's Motion for Summary Judgment, the Plaintiff's Cross–Motion for Summary Judgment, and the applicable law, the Court finds that the Defendant is entitled to Judgment against the Plaintiff. The Court shall issue an order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

Upon consideration of the Defendant's Motion for Summary Judgment, the Plaintiff's Cross–Motion for Summary Judgment, and the applicable law, the record herein, and for the reasons articulated in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 17th day of August, 1993,

ORDERED that the Defendant's Motion for Summary Judgment shall be, and hereby is, GRANTED; and it is

'FURTHER ORDERED that the Plaintiff's Cross–Motion for Summary Judgment shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that all other outstanding motions in the above-captioned case shall be, and are hereby, rendered MOOT; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.

---

**10.** The Court also notes that indigency alone does not constitute adequate grounds for a fee waiver. *See Ely v. United States Postal Service,* 753 F.2d 163, 165 (D.C.Cir.1985).