Luis TAMAYO, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, et al., Defendants.

Civil Action No. 94–1856 SSH.

United States District Court,
District of Columbia.

June 21, 1996.

343

Luis Tamayo, FCI, Loretto, PA, Pro Se.

Serafina M. Esposito, U.S. Department of Justice, Office of Information & Privacy, Washington, DC, for Defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter comes before the Court on defendants' motion for summary judgment, plaintiff's opposition thereto,[1] defendants' reply, and plaintiff's surreply.[2] Upon consideration, defendants' motion is granted. Although "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56," Fed.R.Civ.P. 52(a), the

1. The Court treats plaintiff's "Reply to Summary Judgment" as an opposition.

2. The Court treats "Plaintiff's Response to Defendants' Reply" as a surreply. The Court has also considered plaintiff's March 2, 1995, letter and attachment.

Court nonetheless sets forth briefly its analysis.

Plaintiff brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking to compel the release of records maintained by two components of the United States Department of Justice—the Federal Bureau of Investigation (FBI), including the Headquarters Office of the FBI and the Miami Field Office of the FBI, and the Drug Enforcement Agency (DEA)—and one component of the United States Department of the Treasury, the United States Customs Service (the "Customs Service"), including the Headquarters Office of the Customs Service and the Southeast Regional Office of the Customs Service.

Plaintiff alleges that he filed requests with the FBI Headquarters Office and Miami Field Office, the DEA, the Customs Service Headquarters Office and Southeast Regional Office.[3] The FBI withheld certain information pursuant to Exemption (j)(2) of the Privacy Act and Exemption 7(C) of the FOIA. The DEA withheld certain information pursuant to Exemption j(2) of the Privacy Act and Exemptions 2, 7(C), and 7(F) of the FOIA. The Customs Service withheld certain information pursuant to Exemption (j)(2) of the Privacy Act and Exemptions 2, 7(C), and 7(D) of the FOIA. Plaintiff received additional materials after he administratively appealed, and he subsequently filed this law suit *pro se*. Defendants now move for summary judgment.

██ Summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. *See Mat-*

3. The FBI Headquarters Office, the FBI Miami Field Office, and the Customs Service Southeast Regional Office do not have records of receiving plaintiff's request; however, they treated plaintiff's complaint as a request.

*sushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The records plaintiff seeks are all criminal law enforcement records. Dolde Decl. ¶ 13; Bordley Decl. ¶ 15; Peterson Decl. ¶ 10. Consequently, the Privacy Act confers no right of access to the records at issue, as they have been exempted from disclosure pursuant to subsection (j)(2), 5 U.S.C. § 552a(j)(2), as implemented by 28 C.F.R. § 16.96 (1996) as to the FBI; 28 C.F.R. § 16.98 (1996) as to the DEA; and 31 C.F.R. § 1.36 (1996) as to the Customs Service.

FOIA Exemption 2 exempts from mandatory disclosure matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). The Customs Service invoked Exemption 2 to protect source symbol numbers and computer access codes and case numbers in Treasury Enforcement Communication System (TECS) printouts and other documents, and the DEA invoked Exemption 2 to withhold violator identifier numbers such as Geographical Drug Enforcement Program Codes and Narcotics and Dangerous Drugs Information System Numbers, commonly referred to as G–DEP codes and Naddis numbers. Bordley Decl. ¶ 16; Peterson Decl. ¶¶ 12–14.

The codes and symbols withheld under this exemption are clearly matters "of internal significance in which the public has no substantial interest." *Lesar v. United States Dep't of Justice,* 636 F.2d 472, 485–86 (D.C.Cir.1980); *see also Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1074 (D.C.Cir.1981) (en banc); *Durham v. United States Dep't of Justice,* 829 F.Supp. 428, 431 (D.D.C.1993). Furthermore, this information, if disclosed, could "significantly risk[ ] circumvention of agency regulations or statutes" by undermining the integrity of ongoing investigations. *Crooker,* 670 F.2d at 1074; *see also Albuquerque Publishing Co. v. United States Dep't of Justice,* 726 F.Supp. 851, 854 (D.D.C.1989) ("The public has no legitimate interest in gaining information [pertaining to violator and informant codes] that could lead to the impairment of DEA investigations."). This information was therefore properly withheld under Exemption 2.

Exemption 7 of the FOIA protects from mandatory disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records" could reasonably be expected to cause the types of harm enumerated in subsections (A) through (F). 5 U.S.C. § 552(b)(7)(A)–(F). The information at issue in this case was compiled during the course of the criminal investigation of plaintiff for the distribution of illegal narcotics. Dolde Decl. ¶ 13; Bordley Decl. ¶ 17; Peterson Decl. ¶ 11. The Court thus finds that the records were all compiled for law enforcement purposes. *See Keys v. United States Dep't of Justice,* 830 F.2d 337, 340 (D.C.Cir. 1987).

FOIA Exemption 7(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Defendants invoked Exemption 7(C) of the FOIA to protect the identities of: agents and support personnel of the FBI, DEA, and the Customs Service; non-federal law enforcement officers mentioned in records of the DEA and the Customs Service; and third parties of investigative interest to the FBI, DEA, and the Customs Service. Dolde Decl. ¶¶ 19–25; Bordley Decl. ¶ 18; Peterson Decl. ¶¶ 16–19.

Under Exemption 7(C), the affected individuals' privacy interests must be balanced against the public's right to information maintained in government files. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 761–63, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989). There is no compelling public interest rationale for disclosing this information. In contrast, the affected individuals have a significant privacy, as well as safety, interest in not having their identities disclosed. This information was therefore properly withheld under Exemption 7(C).

 FOIA Exemption 7(D) exempts from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure of the records or information

could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). The Customs Service invoked Exemption 7(D) of the FOIA to protect the identities of and information provided by confidential, symbol number sources. *See, e.g., United States Dep't of Justice v. Landano,* 508 U.S. 165, 178–80, 113 S.Ct. 2014, 2023, 124 L.Ed.2d 84 (1993); *McDonnell v. United States,* 4 F.3d 1227, 1258 (3d Cir.1993); *Williams v. FBI,* 822 F.Supp. 808, 812 n. 1, 813–14 (D.D.C.1993). The Court finds that this information was properly withheld.

 Exemption 7(F) of the FOIA protects from mandatory disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such ... records or information ... (F) could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). The DEA invoked Exemption 7(F) to protect the identities of DEA special agents, supervisory special agents, and other law enforcement officers.[4] *See, e.g., Albuquerque Publishing Co.,* 726 F.Supp. at 858; *Epps v. Dep't of Justice,* 801 F.Supp. 787, 795 (D.D.C.1992). The Court finds that this information was properly withheld.

 Plaintiff also challenges the adequacy of the searches conducted by the DEA and the Customs Service and contends that more information exists. *See* Pl.'s Opp'n to Summary Judgement at 4, 12; Pl.'s Surreply.

However, the Court finds that defendants " 'conducted ... search[es] reasonably calculated to uncover all relevant documents.' " *Krikorian v. Dep't of State,* 984 F.2d 461, 468 (D.C.Cir.1993) (quoting *Weisberg v. United States Dep't of Justice,* 705 F.2d 1344, 1351 (D.C.Cir.1983)). Plaintiff's "hypothetical assertions [that more information exists] are insufficient to raise a material question of fact with respect to the adequacy of the agenc[ies'] search[es]." *Oglesby v. Dep't of the Army,* 920 F.2d 57, 67 n. 13 (D.C.Cir. 1990).

Accordingly, it hereby is

ORDERED, that defendants' motion for summary judgment is granted.

SO ORDERED.

---

4. The DEA withheld these names under Exemptions 7(C) and 7(F).